# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-21-00230-CR

---

**The State of Texas, Appellant**

**v.**

**Dustin Grier Hartley, Appellee**

---

**FROM COUNTY COURT AT LAW NO. 1 OF COMAL COUNTY**
**NO. 2020CR0749, THE HONORABLE RANDAL C. GRAY, JUDGE PRESIDING**

---

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

**PER CURIAM**

The State of Texas appeals from an order of the trial court granting a motion to suppress filed by appellee Dustin Grier Hartley, who was arrested for the offense of driving while intoxicated following a traffic stop. The district court had granted the motion based on its conclusion that the traffic stop was unlawful. Upon the State's request, the trial court later made written findings of fact and conclusions of law. The State has now filed a motion to abate the appeal and remand the case to the trial court to make additional findings. For the following reasons, we will grant the motion.

"'[U]pon the request of the losing party on a motion to suppress evidence, the trial court shall state its essential findings.'" *State v. Saenz*, 411 S.W.3d 488, 495 (Tex. Crim. App. 2013) (quoting *State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011)). "'[E]ssential findings' mean

'findings of fact and conclusions of law adequate to provide an appellate court with a basis upon which to review the trial court's application of the law to the facts.'" *Id*. An appellate court may not "presume factual findings that may be dispositive in a case when a trial court's findings are an inadequate basis upon which to make a legal conclusion and when those findings have been properly requested by a losing party." *Id*. (citing *Elias*, 339 S.W.3d at 674; *State v. Mendoza*, 365 S.W.3d 666, 673 (Tex. Crim. App. 2012); *State v. Cullen*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006)). Instead, "an appellate court must abate for additional findings of fact when a party has requested findings of fact and the findings that are made by a trial court are so incomplete that an appellate court is unable to make a legal determination." *Id*. (citing *Elias*, 339 S.W.3d at 674; *Mendoza*, 365 S.W.3d at 673; *Cullen*, 195 S.W.3d at 699). "This requirement assures that appellate resolution of the suppression issue 'is based on the reality of what happened [at the trial court level] rather than on [appellate] assumptions that may be entirely fictitious.'" *Elias*, 339 S.W.3d at 674 (quoting *Cullen*, 195 S.W.3d at 699).

In this case, the issue is whether the arresting officers had reasonable suspicion to initiate a traffic stop on Hartley. Among the evidence considered by the trial court at the suppression hearing was the recording of a 911 call in which the caller reported that he had observed Hartley driving recklessly on the road. However, the trial court made no findings of fact or conclusions of law regarding the 911 call, including any findings on the specific information contained in the call, whether that information was relayed to the arresting officers prior to the initiation of the traffic stop, and, if so, whether that information would support an officer's reasonable belief that Hartley had committed a traffic offense. Such findings are "essential" to a reasonable-suspicion determination in this case. *See State v. Cortez*, 543 S.W.3d 198, 204 (Tex. Crim. App. 2018) ("We review a reasonable suspicion determination by

2

considering the totality of the circumstances."); *Jaganathan v. State*, 479 S.W.3d 244, 247 (Tex. Crim. App. 2015) ("Reasonable suspicion exists if the officer has 'specific articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably suspect that a particular person has engaged or is (or soon will be) engaging in criminal activity.'" (quoting *Abney v. State*, 394 S.W.3d 542, 548 (Tex. Crim. App. 2013)).

Accordingly, we grant the State's motion, abate the appeal, and remand the cause to the trial court to make additional fact findings and conclusions of law consistent with this order. *See Elias*, 339 S.W.3d at 676-77; *see also* Tex. R. App. 44.4. A supplemental clerk's record containing the additional findings shall be filed with this Court by July 19, 2021. This appeal will be reinstated after the supplemental clerk's record is filed.

Before Justices Goodwin, Triana, and Kelly

Abated and Remanded

Filed: June 18, 2021

Do Not Publish

3